This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NO. A-1-CA-38047**

**STATE OF NEW MEXICO ex rel.**
**CHILDREN, YOUTH & FAMILIES**
**DEPARTMENT,**

 Petitioner-Appellee,

v.

**LUANNE S.,**

 Respondent-Appellant,

**IN THE MATTER OF JOY B., JANISE B.,**
**JAMES B., and JASON B.,**

 Children.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Glenn T. Ellington, District Judge**

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El. Prado, NM

for Appellant

Frazier & Ramirez Law
Kelley Leigh Thurston
Albuquerque, NM

Guardian Ad Litem for James B.

Johnna L. Studebaker
Santa Fe, NM

Guardian Ad Litem for Janise B. and Joy B.

Dennis C. Quintana
Santa Cruz, NM

Guardian Ad Litem Jason B.

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}**     Mother, Luanne S., appeals from the district court's order terminating her parental rights to her children, Joy B., Janise B., James B., and Jason B. (Children). We issued a notice of proposed summary disposition proposing to affirm, and Mother has responded with a timely memorandum in opposition. We have duly considered Mother's arguments, and we remain unpersuaded that our initial proposed disposition was incorrect. We therefore affirm.

## DISCUSSION

**{2}**     Mother continues to challenge the sufficiency of the evidence to support termination of her parental rights. In order to terminate Mother's parental rights, the Children, Youth & Families Department (CYFD ) was required to demonstrate that Children were neglected, and that the causes and conditions of the neglect were unlikely to change in the foreseeable future despite CYFD's reasonable efforts to assist Mother. *See State ex rel. Children, Youth & Families Dep't v. Vanessa C.*, 2000-NMCA-025, ¶ 23, 128 N.M. 701, 997 P.2d 833; *see also* NMSA 1978, § 32A-4-28 (B)(2) (2005). "The standard of proof in an abuse or neglect adjudication is clear and convincing evidence." *State ex rel Children Youth & Families Dep't v. Amanda H.*, 2007-NMCA-029, ¶ 19, 141 N.M. 299, 154 P.3d 674. Notwithstanding this demanding standard of proof, we cannot reweigh the evidence or substitute our judgment for that of the district court as to any factual matter. *See In re Termination of Parental Rights of Eventyr J.*, 1995-NMCA-087, ¶¶ 2-3, 120 N.M. 463, 902 P.2d 1066. Our standard of review is whether, viewing the evidence in the manner most favorable to the decision below, the district court could properly determine that clear and convincing evidence was introduced in support of the termination. *Id.*

**{3}**     Mother argues that CYFD's efforts to assist her in addressing her substance abuse issues were insufficient. *See State ex rel. Children, Youth & Families Dep't v. Athena H.*, 2006-NMCA-113, ¶ 9, 140 N.M. 390, 142 P.3d 978 (stating that CYFD is required to "provide reasonable efforts to assist the parent to change the conditions that

gave rise to the neglect and abuse, and the district court must consider the results of CYFD's efforts"). Specifically, Mother argues that she was clearly not benefitting from outpatient substance abuse treatment, and CYFD should have worked to enroll her in an inpatient residential treatment program, in line with the recommendation made in her psychological evaluation. [MIO 10-11]

**{4}** We begin by observing that CYFD is not required to do everything possible to assist a parent, nor is it required to make efforts subject to conditions imposed by the parent. This Court has recognized that "[w]hat constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent and the recalcitrance of the problems that render the parent unable to provide adequate parenting." *State ex rel. Children, Youth & Families Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 23, 132 N.M. 299, 47 P.3d 859.

**{5}** Mother's psychological evaluation contains the following recommendation from the evaluator, Dr. Christopher Alexander.

> [Mother] should participate in intensive substance abuse counseling, to include both individual and group modalities. Along the way, ongoing drug testing will be needed. In the event [Mother] continues to test positive for any illegal drug, she may require a referral for something more intensive, perhaps inpatient treatment.

[RP 541]

**{6}** We first note that the reference to inpatient residential substance abuse treatment was suggested as a possibility by Dr. Alexander, and was not made a requirement of Mother's treatment plan. Moreover, Mother's participation in the substance abuse aspects of her treatment plan was sporadic. The district court's findings indicate that CYFD referred Mother to substance abuse treatment and relapse prevention treatment several times during the course of this case, but was unsatisfactorily discharged from the various programs. [RP 1008] Further, Mother did not show up for the majority of her scheduled UAs, Mother failed to sign release forms to allow CYFD to make certain referrals, and Mother was not forthcoming regarding her drug use. [RP 1009-1011, 1013]

**{7}** The record thus indicates that Mother's lack of success with substance abuse treatment was occasioned in part by her failure to meaningfully engage with the services provided, not the inadequacy of the services to meet her particular needs. *See Patricia H.*, 2002-NMCA-061, ¶ 27 ("[The m]other may have had what she considered to be good faith reasons for her refusal, but CYFD is only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the parent."). As Mother did not fully participate in the substance abuse treatment provided, her argument that further treatment in the form of an inpatient residential program would have resulted in a different outcome is speculative. Given Mother's lack of participation in several key aspects of her treatment plan, it appears that additional efforts would be unlikely to

promote success. *See Eventyr J.*, 1995-NMCA-087, ¶ 32 (stating that when CYFD has made reasonable efforts, further efforts are not required).

**{8}** For these reasons, we affirm the district court's determination that CYFD's efforts in this matter were reasonable. *Patricia H.*, 2002-NMCA-061, ¶ 28 (observing that on appeal, the question is not whether CYFD did everything possible, merely whether it satisfied minimum legal requirements).

**CONCLUSION**

**{9}** For these reasons, we affirm the district court's order affirming the termination of Mother's parental rights.

**{10} IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**ZACHARY A. IVES, Judge**